Filed 12/6/23  P. v. Smith CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C098072 |
| Plaintiff and Respondent, | (Super. Ct. No. P20CRF0420) |
| v. | |
| JASON ANDREW SMITH, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jason Andrew Smith asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record has disclosed clerical errors regarding certain fines and fees imposed by the trial court, which we will correct. Finding no other arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On March 12, 2020, defendant resolved multiple cases by pleading no contest to possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)).[1] In exchange, defendant received five years' felony probation with various conditions, including that he serve 180 days in county jail. The trial court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 stayed probation revocation restitution fine (§ 1202.44), a $30 conviction assessment fee (Gov. Code, § 70373), and a $40 court operations assessment fee (§ 1465.8). The factual basis for his plea was recited by the district attorney on the record. The remaining cases were dismissed in the interest of justice on the People's motion.

Thereafter, on January 7, 2021, the district attorney filed a petition for revocation of defendant's probation alleging three violations, and the trial court issued an order summarily revoking defendant's probation and issuing a warrant for his arrest. Defendant denied these allegations at his arraignment on April 9, 2021, and was released pending trial on the violations, subject to various terms and conditions.

On December 16, 2021, the district attorney filed an amended petition for revocation of probation alleging two more violations of probation, for a total of five probation violations. The same day, the trial court issued an order summarily revoking probation and issuing a warrant for defendant's arrest.

On August 8, 2022, the probation department filed a petition seeking the termination of defendant's probation given the passage of Assembly Bill No. 1950 (2019–2020 Reg. Sess.), and the matter was set for a hearing. On December 9, 2022, defendant denied the probation violation allegations, and the matter was continued for trial setting and trial on the contested violations.

---

[1] Undesignated statutory references are to the Penal Code.

On January 18, 2023, the trial court held a contested hearing on the alleged probation violations, ultimately finding all five alleged violations true. Defendant waived time and requested the probation department prepare a report. That report recommended that in light of the legislative changes, defendant's probation be reinstated so he could serve 180 days in county jail and that probation be terminated as unsuccessful upon release from jail. However, if a prison sentence was imposed, the probation department recommended the low term.

On February 15, 2023, the trial court denied reinstatement of probation, revoked, and terminated that probation, and sentenced defendant to the low term of 16 months in prison with credit for 113 actual days, plus 112 conduct days for a total of 225 days' custody credits. The trial court also imposed a $300 stayed parole revocation restitution fine (§ 1202.45) and reaffirmed the prior fines and fees, but failed to lift the stay on the previously imposed probation revocation restitution fine. Defendant timely appealed.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we note the trial court misidentified the $300 stayed parole revocation restitution fine (§ 1202.45) as a *probation* revocation restitution fine (§ 1202.44) on the February 15, 2023, minute order. Further, defendant's abstract of judgment does not reflect any of the fines and fees imposed in this matter. We will direct the trial court to correct these clerical errors on remand.

3

Finding no other arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

## DISPOSITION

The trial court is directed to correct the February 15, 2023, minute order and defendant's abstract of judgment to reflect the fines and fees imposed by the court as recounted herein. A certified copy of the amended abstract of judgment shall be forwarded to the Department of Corrections and Rehabilitation. The judgment is affirmed as modified.

\s\                          ,
Krause, J.

We concur:

\s\                 ,
Robie, Acting P. J.

\s\                 ,
Wiseman, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4